UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTHONY A. JONES,

        Plaintiff,                    Case No. 1:12-cv-1341

v.                                       Honorable Robert J. Jonker

DANIEL HEYNS et al.,

        Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Shreve. The Court will serve the complaint against Defendants Heyns, Makara and Randle.

**Discussion**

      I.        Factual allegations

Plaintiff Anthony A. Jones presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). He sues MDOC Director Daniel Heyns and the following IBC employees: Captain P. Makara, Lieutenant R. Randle, and Corrections Officer (unknown) Shreve.

On August 12, 2012, when Plaintiff was leaving the prison cafeteria with prisoner Walker, Defendant Shreve commented, "Jones, I always see you and Walker, walking together. I wonder know [sic] which one of you are the boy, and who's the girl." (Compl. ¶ 11, docket #1, Page ID#3.) Defendant Shreve was standing with another officer, and both officers began laughing. Plaintiff asked Shreve not to refer to him as a boy, which, in the prison context, implies that he is homosexual. Shreve responded, "I'm just saying. It look like it to me." (*Id.* ¶ 14.)

Plaintiff contends that the comment violated MICH. DEP'T OF CORR., Policy Directive (PD) 03.02.140 (involving prohibited sexual conduct involving prisoners) and PD 03.03.130 (requiring humane treatment and living conditions for prisoners). Plaintiff filed a grievance complaining of the alleged policy violations. On August 30, 2012, Defendant Makara reviewed the grievance with Plaintiff and told him that Defendant Shreve had denied the comment and the other officer stated that he had not heard Shreve make the statement.

On September 5, 2012, Defendant Makara issued a Class II misconduct charge against Plaintiff for filing an unfounded grievance, ostensibly at the direction of the MDOC Director's Office and in accordance with PD 03.03.130 ¶¶ K, L (permitting issuance of a misconduct ticket, if approved by Warden in consultation with the Deputy Director or his designee). Defendant Randle

conducted the misconduct hearing on September 11, 2012. Randle stated that his hands were tied because the Captain and Lansing had ordered issuance of the misconduct. Defendant Randle then found Plaintiff guilty of filing a misconduct ticket because Plaintiff's allegations were unfounded. Plaintiff alleges that misconduct tickets are frequently issued against prisoners who file grievances.

Plaintiff alleges that Defendants Makara and Randle retaliated against him by filing and upholding a misconduct ticket, in violation of the First Amendment and prison policy. He also alleges that Defendant Shreve's harassing statement violated the Eighth Amendment. In addition, he contends that PD 03.02.130 is void for vagueness, insofar as it fails to define the phrase "misusing the grievance process." (*Id.* ¶¶ 39-40.)

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment

Plaintiff claims that Defendant Shreve violated his Eighth Amendment rights to be free from sexual harassment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with

"deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary

and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim). Other courts have held that even minor, isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

If true, Officer Shreve's conduct toward Plaintiff was unprofessional, but it does not rise to the level of an Eighth Amendment violation. Plaintiff does not allege that Officer Shreve ever touched him or had any form of physical contact with him. Acts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment. *See Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2.

Moreover, Defendant Shreve's alleged failure to comply with MDOC policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

In sum, Plaintiff's allegation fails to state an Eighth Amendment claim against Officer Shreve.

### B. Remaining Defendants

The Court concludes that, at this juncture, Plaintiff's allegations against the other Defendants are sufficient to warrant service of the complaint.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Shreve will be dismissed for failure to state a claim under 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Heyns, Makara and Randle.

        An Order consistent with this Opinion will be entered.

Dated:    January 29, 2013           /s/ Robert J. Jonker
                                                           ROBERT J. JONKER
                                                           UNITED STATES DISTRICT JUDGE