UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY A. JONES,

        Plaintiff,

v.

DANIEL HEYNS, et al.,

        Defendants.

                              /

Case No. 1:12-CV-1341

HON. ROBERT J. JONKER

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Anthony Jones has filed an objection (docket #40) to Magistrate Judge Hugh W. Brenneman's Report and Recommendation issued January 28, 2014 (docket #39). The Report and Recommendation recommends that this Court grant Defendants' motion for summary judgment (docket #14). When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, Jones's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation in part and grant Defendants' motion for summary judgment.[1]

---

[1] Defendants' present motion does not address Jones's claim for injunctive relief on the basis of MDOC Policy Directive 03.02.130 ¶¶ K, L. Defendants have filed a new motion addressing this issue. (Docket #41.)

I. Background

This Court previously summarized Jones's allegations as follows:

Plaintiff Anthony A. Jones presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). He sues MDOC Director Daniel Heyns and the following IBC employees: Captain P. Makara, Lieutenant R. Randle, and Corrections Officer (unknown) Shreve.

On August 12, 2012, when Plaintiff was leaving the prison cafeteria with prisoner Walker, Defendant Shreve commented, "Jones, I always see you and Walker, walking together. I wonder know [sic] which one of you are the boy, and who's the girl." (Compl. ¶ 11, docket #1, Page ID#3.) Defendant Shreve was standing with another officer, and both officers began laughing. Plaintiff asked Shreve not to refer to him as a boy, which, in the prison context, implies that he is homosexual. Shreve responded, "I'm just saying. It look like it to me." (*Id.* ¶ 14.)

Plaintiff contends that the comment violated MICH. DEP'T OF CORR., Policy Directive (PD) 03.02.140 (involving prohibited sexual conduct involving prisoners) and PD 03.03.130 (requiring humane treatment and living conditions for prisoners). Plaintiff filed a grievance complaining of the alleged policy violations. On August 30, 2012, Defendant Makara reviewed the grievance with Plaintiff and told him that Defendant Shreve had denied the comment and the other officer stated that he had not heard Shreve make the statement.

On September 5, 2012, Defendant Makara issued a Class II misconduct charge against Plaintiff for filing an unfounded grievance, ostensibly at the direction of the MDOC Director's Office and in accordance with PD 03.03.130 ¶¶ K, L (permitting issuance of a misconduct ticket, if approved by Warden in consultation with the Deputy Director or his designee). Defendant Randle conducted the misconduct hearing on September 11, 2012. Randle stated that his hands were tied because the Captain and Lansing had ordered issuance of the misconduct. Defendant Randle then found Plaintiff guilty of filing a misconduct ticket [sic] because Plaintiff's allegations were unfounded.

Plaintiff alleges that misconduct tickets are frequently issued against prisoners who file grievances. Plaintiff alleges that Defendants Makara and Randle retaliated against him by filing and upholding a misconduct ticket, in violation of the First Amendment and prison policy. He also alleges that Defendant Shreve's harassing statement violated the Eighth Amendment. In addition, he contends that PD 03.02.130 is void for vagueness, insofar as it fails to define the phrase "misusing the grievance process." (*Id.* ¶¶ 39-40.)

(Opinion, docket #7, Page ID 49–50.)  The Court dismissed Jones's Eighth Amendment claim against Defendant Shreve and authorized service of the Complaint on Defendants Heyns, Makara, and Randle.  The remaining claims are (1) First Amendment retaliation and (2) a claim for injunctive relief on the basis of MDOC Policy Directive 03.02.130 ¶¶ K and L, which Jones alleges are unconstitutional.[2]  Defendants moved for summary judgment on the basis of the First Amendment retaliation claim.  As the magistrate judge expressly noted in the Report and Recommendation, Defendants have not addressed Jones's claim for injunctive relief.

## II. Jones's Objections

In the Report and Recommendation, the magistrate judge recommends that this Court grant Defendants' summary judgment motion on Jones's retaliation claims because (1) Jones failed to exhaust his available administrative remedies on the issue of retaliation, and, alternatively, (2) Jones has not established the causation element of his claim because prison administrators found Jones guilty of misconduct.  (Report and Recommendation, Docket #39, Page ID 273–74.)  Jones makes two objections: (1) in concluding his retaliation claims are unexhausted, the magistrate judge

---

[2]Plaintiff divided his Complaint into five counts (Counts II through VI).  Count III alleged an Eighth Amendment claim against Shreve, which the Court has previously dismissed.  Counts II, V, and VI are all retaliation claims based on the same factual allegations.  The Report and Recommendation properly interpreted them as First Amendment retaliation claims against the three remaining Defendants.  Plaintiff did not object to this interpretation.  Count IV alleges that MDOC Policy Directive 03.02.130 ¶¶ K and L are unconstitutional, seeking injunctive relief.  The Report and Recommendation does not address Count IV because it was not addressed by Defendants' original motion.  Defendants have filed a separate motion addressing Count IV.

misconstrues his retaliation claim, interpreting it as a challenge to the misconduct itself, rather than a retaliation claim; and (2) the magistrate judge erred on the merits of his claim.[3]

### III. Discussion

For purposes of Jones's objection, the Court need not address whether Jones exhausted his retaliation claims because Jones's retaliation claim fails as a matter of law. To prove a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff engaged in activities protected by the Constitution or statute; (2) the defendant took an "adverse action" that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) this adverse action was taken at least in part because of the exercise of the protected conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999). "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim." *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)).

In this case, the misconduct report indicates that the "MDOC Directors Office" undertook an investigation that revealed that Jones's allegations against Shreve were "unfounded." (Docket

---

[3]Jones also objects to the magistrate judge's recommendation that his claims for monetary damages against Defendants in their official capacities are barred by Eleventh Amendment sovereignty. Specifically, Jones states that he does not seek monetary damages against Defendant Heyns, merely injunctive relief. The Court need not address this objection because it does not actually contradict the findings of the Report and Recommendation. The Report and Recommendation only recommends dismissal of those claims barred by the Eleventh Amendment—claims for monetary damages against defendants in their official capacity. To the extent that Jones alleges a claim against Heyns for injunctive relief, the claim is not addressed by the Report and Recommendation, or by Defendants' original motion.

#1-1, Page ID 15.)  The Office then "approved" the misconduct ticket for interference with the administration of rules.  (*Id.*)  Therefore, as in *Jackson*, Jones was found guilty of violating prison rules, based on evidence in the record, and that finding of guilt precludes any retaliation theory based on it.

Jones objects that his case is similar to *Wolfel v. Bates*, 707 F.2d 932 (1983).  In *Wolfel*, the Sixth Circuit held that prison authorities violated a prisoner's First Amendment right to seek redress of grievances where they failed to first determine whether the prisoner's statements constituted misconduct before punishing him.  *Id.* at 934.  Jones is mistaken.  In this case, unlike in *Wolfel*, the record does not "reveal[] that prison authorities punished [Jones] without first finding [a misconduct violation]."  *See id.*  Rather, the record in this case establishes a guilty finding on the misconduct ticket that "essentially checkmates" Jones's retaliation claim.  *Jackson*, 158 F. App'x at 662. Defendants are entitled to summary judgment on the retaliation claims.  Therefore, the Court will adopt the Report and Recommendation to the extent that it recommends that this Court grant Defendant's motion for summary judgment.

As Defendants' motion for summary judgment does not address Jones's claim for injunctive relief, Claim IV challenging the constitutionality of MDOC Policy Directive 03.02.130 ¶¶ K, L remains.[4]  For purposes of Claim IV, the Court will dismiss all Defendants except Heyns.  The purposes are two-fold: first, in his objection, Jones only claims injunctive relief against Heyns, and,

---

[4]To the extent that Defendants sought relief in their summary judgment motion against Claim IV on the basis of Eleventh Amendment immunity, their argument is unavailing.  *Ex parte Young*, 209 U.S. 123 (1908), provides an exception to Eleventh Amendment immunity for "claims for injunctive relief against individual state officials in their official capacities" for "prospective relief to end a continuing violation of federal law."  *Carten v. Kent State University*, 282 F.3d 391, 395 (6th Cir. 2002).  Jones's claim in Count IV is for prospective injunctive relief from MDOC Policy Directive 03.02.130 ¶¶ K, L.

second, it mitigates potential jury confusion. Official capacity suits brought under § 1983 "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166. Unlike individual capacity claims, "official capacity claims do not falter on a defendant's lack of personal involvement." *Alame v. Smetka*, No. 08-10777, 2009 WL 236073, at * 5 (E.D. Mich. Jan. 29, 2009) (citing *Graham*, 473 U.S. at 165–66; *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989)). A governmental entity is liable under § 1983 when "the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* (internal citations omitted). Heyns, as MDOC director, is the appropriate official defendant for Jones's remaining claim.[5]

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Report and Recommendation (docket #39) is **ADOPTED IN PART**. It is adopted to the extent that it recommends that this Court grant Defendants' motion for summary judgment.

---

[5] The Court has inherent authority to manage its cases and authority pursuant to Federal Rule of Civil Procedure 12(f) to strike from pleadings "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f); *see also Silverstein v. Fed. Bureau of Prisons*, 704 F. Supp. 2d 1077, 1087 (D. Colo. 2010) (surveying cases on a court's authority to dismiss redundant official capacity claims). Although the Court recognizes that most cases dismissing redundant official capacity claims involve claims against both the entity itself and employees of the entity, courts also dismiss multiple official capacity claims in the prison context, allowing actions to proceed solely against a warden or director in his or her official capacity. *See, e.g.*, *Johnson v. Collins*, No. 3:07-cv-211, 2007 WL 1306596, at * 2 (N.D. Ohio May 3, 2007).

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket #14) is **GRANTED**.

Dated:  April 22, 2014                                       /s/ Robert J. Jonker
                                                              ROBERT J. JONKER
                                                              UNITED STATES DISTRICT JUDGE