UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
————————————

ANTHONY JONES,

              Plaintiff,                                 Case No.  1:12-CV-01341

v.                                               HON. ROBERT J. JONKER

DANIEL HEYNS, et al.

              Respondents,

————————————————————/

## OPINION AND ORDER
## APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 60).   The Plaintiff has filed a set of objections to the Magistrate Judge's Report and Recommendation (docket no. 62).

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Plaintiff's objections to the Magistrate's Report and Recommendation. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Plaintiff Jones is in custody.  This dispute concerns his complaint that he was treated unkindly by a guard, who allegedly made comments suggesting that Jones was a homosexual.  After filing a misconduct ticket, Plaintiff alleges that the guards retaliated against him.  Plaintiff asserts that the MDOC's Policy Directive 03.02.103 ¶¶ K and L are unconstitutional on both an as-applied and facial basis on the grounds that the directives are void for vagueness.  The R&R, instead of delving into whether these directives are unconstitutional, focused on whether Plaintiff failed to properly exhaust his issue within the MDOC.  The R&R recommends granting summary judgment to the Defendants on the basis that Plaintiff has not met the requirement of exhaustion, on both his as-applied and facial challenges.  The Court agrees with the Magistrate Judge as far as the as-applied challenge is concerned, and for the reasons detailed below, agrees with the result reached by the Magistrate Judge as far as the facial challenge is concerned.  Accordingly, the Court adopts the Magistrate Judge's conclusions subject to the observations noted below.

## I.  JONES'S OBJECTIONS

### A.  As-Applied Challenge

Plaintiff's first objection concerns his as-applied challenge, he alleges that there is no record evidence to support the Magistrate Judge's contention that he failed to properly exhaust his claim.

(docket no. 62, Obj. at 1, PageID # 405.)  This is incorrect.  The Magistrate Judge correctly noted that the grievances identified by Jones fail to adequately address the First Amendment issue he pursues before this Court.  (docket no. 60, Rep. at 10–11, PageID # 401–02.)  It is therefore unsurprising that Jones, in making his objection, raises no substantive argument for the Court to address.  Accordingly, this objection is overruled.

### B.  Facial Challenge

Plaintiff's second objection concerns his facial challenge to the policies.  The Report and Recommendation correctly notes that a prisoner, for purposes of exhaustion, need not go through the MDOC's usual three-step grievance process, as must be done with as-applied challenges.  (Docket no. 60, Report at 8, PageID # 399.)  Facial challenges instead require that a prisoner direct comments to the Warden's Forum.  (Docket no. 60, Report at 7, PageID # 398.)  The Report & Recommendation states that "plaintiff has presented no evidence to support the bald assertion that he addressed concerns with the Warden's forum or that those concerns specifically addressed his facial challenge" to the content of the policy.  (Docket no. 60, Report at 11, PageID # 402.)  On this basis, the Report and Recommendation finds that Plaintiff has not met the requirement of exhaustion.

The Court believes that the present record does not establish that summary judgment for the Defendants is appropriate, at least on the exhaustion issue, because the "burden of establishing the nonexistence of a genuine issue is on the party moving for summary judgment."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  Therefore the initial burden of producing evidence rests with the Defendants.  *See id.*  The absence of an affidavit or other sworn statement could certainly be significant if the moving party had in the first instance made the necessary showing, however there

3

does not appear to be any evidence on this record establishing that Plaintiff did not raise this issue at the Warden's forum.  It is true that where a plaintiff submits an affidavit that a defendant fails to dispute, summary judgment for the defendant is not appropriate, *see Mario Sentelle Cavin, LLC v. Heyns*, No. 1:11-CV-1370, 2012 WL 5031503, at *6 (W.D. Mich. July 30, 2012), *adopted* 2012 WL 5002292 (W.D. Mich. Oct. 17, 2012), however the Court is inclined to stop short of granting summary judgment where the record is silent, and where the defense has the burden of proof on an affirmative defense such as exhaustion.

In any event, the Court finds that summary judgment is still appropriate on the merits.   A First Amendment facial challenge is "no small matter," and would require that Jones show either "(1) that there truly are no or at least few circumstances in which the Act would be valid, or (2) that a court cannot sever the unconstitutional textual provisions of the law or enjoin its unconstitutional applications."  *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 335 (6th Cir. 2009) (internal quotation marks and citations omitted).   Together, the challenged policies provide that a grievant shall not be penalized for filing a grievance, unless the filed grievance is meritless.  Accordingly, to succeed on his facial challenge, Jones would effectively have to show that it facially violates the First Amendment to have a rule that says a prisoner "may be issued a misconduct report" if he "intentionally files a grievance which is investigated and determined to be unfounded."  *See* MDOC Policy Directive 03.02.120 at ¶ L.

This is simply not the case.  "Prisoners have a First Amendment right to file institutional grievances without being subject to retaliation, however, this right only extends to the filing of non-frivolous grievances."  *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445–46 (6th Cir. 2005) (citing *Lewis v. Casey*, 518 U.S. 343, 352–53 (1996); *Herron v. Harrison*, 203 F.3d 410, 414

4

(6th Cir.2000)).  It is therefore well-established that a grievant may be penalized for filing a meritless grievance, and Plaintiff cannot demonstrate that the policies are facially invalid.  Accordingly, the Court overrules this objection.

## II.  CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 60) is approved and adopted as modified by the opinion of the Court. The Defendants' motion for summary judgment (docket no. 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that for the same reasons that the Court denies the motion, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

**IT IS SO ORDERED**.


Dated:  July 9, 2015                                    /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                       UNITED STATES DISTRICT JUDGE